UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| DAVID FRAZIER, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No.: | 1:18-CV-277-HSM-SKL |
| | ) | | |
| HERBERT H. SLATERY, III, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Petitioner David Frazier, a federal inmate proceeding pro se, has filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his expired Tennessee judgments of conviction for two counts of felony evading arrest. Having considered the submissions of the parties, the State-court record, and the law applicable to Petitioner's claims, the Court finds that the petition should be denied.

**I.  PROCEDURAL HISTORY**

On July 19, 2004, Petitioner pleaded guilty to two counts of felony evading arrest in the Polk County Criminal Court and was sentenced to concurrent two-year sentences, which were suspended to probation [Doc. 17-1 p. 18-19; Doc. 17-18]. In September 2013, Petitioner, by that time a federal inmate, challenged his State-court judgments by filing a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 [Doc. 17-1 p. 13-16]. In a supplemental motion, Petitioner alleged that the concurrent alignment of his sentences was illegally lenient, as a statute mandated consecutive alignment because Petitioner was released on bail when he committed the offenses [*Id.* at 25-28]. The trial court summarily dismissed the motion [*Id.* at 35].

On appeal, the State conceded that the trial court erred in summarily dismissing the motion without holding an evidentiary hearing [Doc. 17-3]. The Tennessee Court of Criminal Appeals ("TCCA") reversed the summary dismissal and remanded to the trial court for further proceedings. *See Frazier v. State*, No. E2013-02563-CCA-R3-CD, 2014 WL 2743243 (Tenn. Crim. App. June 16, 2014).[1]

On remand, the trial court held a hearing and attempted to correct the illegal nature of Petitioner's sentences by entering corrected judgments for consecutive one-year sentences [Doc. 17-9, p. 8-9]. On April 27, 2015, Petitioner filed another motion to correct an illegal sentence, alleging that the trial court did not comply with the prior appellate opinion [Doc. 17-6 p. 4-6]. In light of that motion, the trial court agreed with Petitioner and vacated the corrected judgments as void [*Id*. at 19]. The trial court then held another hearing to resolve the pending motion [Doc. 17-7]. After that hearing, the trial court entered an order dismissing the motion to correct an illegal sentence because the sentences had already expired [Doc. 17-6 p. 40-61].

On appeal from the remand, the TCCA affirmed the dismissal of the motion to correct an illegal sentence due to the expiration of the sentences. *See State v. Frazier*, No. E2016-0006-CCA-R3-CD, 2017 WL 2782202 (Tenn. Crim. App. June 27, 2017). The State court based its decision on a change in intervening State law subsequent to its prior opinion remanding the case. *Id*. at *2 (citing *State v. Brown*, 479 S.W.3d 200, 210 (Tenn. 2015)). The Tennessee Supreme Court denied discretionary review [Doc. 17-21].

On June 7, 2018, Petitioner filed the instant petition in the United States District Court for the Western District of Tennessee, raising various claims based on the State court's adjudication

---

[1] During his appellate proceedings in State court, Petitioner filed a motion to vacate his federal sentence under 28 U.S.C. § 2255, which was enhanced based on his prior State record. That § 2255 motion was ultimately denied. *See Frazier v. United States*, No. 1:14-CV-134, 2016 WL 885082 (E.D. Tenn. Mar. 8, 2016).

2

of his motion to correct an illegal sentence [Doc. 1]. The Western District transferred the petition to this Court on November 6, 2018 [Doc. 8]. This Court subsequently ordered Respondent to file a response to the petition, and Respondent complied by filing an answer on June 26, 2019, asserting that the petition fails to meet the statutory custody and statute of limitation requirements, and that it otherwise fails to present a cognizable basis for federal habeas review [Doc. 18]. The Court agrees.

## II. DISCUSSION

### A. "In Custody" Requirement

A federal court may entertain a habeas corpus petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody by violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a petitioner's sentences have fully expired at the time the petition is filed, he is no longer "in custody" as required by the statute. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *see also Lackawanna Cty. Dist. Attorney v. Cross*, 532 U.S. 394, 401 (2001) (citing *Maleng v. Cook*, 490 U.S. 488, 493 (1989)). Moreover, a conviction used to enhance a subsequent criminal sentence may not generally be used to "challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Cross*, 532 U.S. at 403-04; *Daniels v. United States*, 532 U.S. 374, 382 (2001). Therefore, the fact that these State-court judgments might have been used to enhance Petitioner's federal sentence is not of consequence in these proceedings.

Here, Petitioner challenges judgments that were entered on July 19, 2004 [Doc. 17-1 p. 18-19]. Due to four different probation revocations, Petitioner's total effective sentence of two years was served in 2007 [Doc. 17-6 p. 42-45]. Petitioner is no longer in custody under the State

3

judgments challenged here, and therefore, he fails to satisfy the "in custody" requirement of 28 U.S.C. § 2254.[2]

B. **Timeliness Requirement**

A habeas corpus petition challenging a prisoner's confinement under a State-court judgment must typically be filed within one year of the date on which the judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] Once the one-year limitation period commences, the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is not counted against the one-year period. 28 U.S.C. § 2244(d)(2).

In this case, Petitioner's State judgments became final on August 18, 2004, thirty days after they were entered. *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding "judgment of conviction upon a guilty plea becomes a final judgment thirty days after entry"). The federal statute of limitation commenced the next day and expired a year later. Petitioner did not collaterally attack his judgments until 2013, when he filed his initial motion to correct an illegal sentence [Doc. 17-1 p. 13]. Consequently, there was no statutory tolling of the limitation period, as the collateral petition was filed after the expiration of the statute of limitation. *See, e.g., Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (noting petition filed after expiration of limitation period does not restart the time to file federal habeas petition). Therefore, Petitioner's State-court proceedings have no bearing on the untimeliness of the instant petition. *See Thompson v. Washburn*, No. 3:18-CV-32, 2019 WL 446983, at *3 (M.D. Tenn. Feb. 5, 2019) (noting that "the

---

[2] This conclusion is not altered by consideration of the corrected judgments entered by the trial court after initial remand from the TCCA, as those judgments were later vacated as void *ab initio*, and the original judgments were left intact [*See* Doc. 17-6 p. 48].

[3] The exceptions in § 2244(d)(1)(B)-(D) are inapplicable in this case.

petitioner's Rule 36.1 motion to correct an illegal sentence does not affect the tolling analysis because the petitioner filed the motion. . . years after the statute of limitations had expired"). Accordingly, the instant petition is properly dismissed as untimely.

### C. Non-cognizable Claims

In his federal habeas petition, Petitioner raises the following claims, as paraphrased by the Court: (1) the trial court failed to appoint counsel to represent Petitioner in his motion to correct an illegal sentence [Doc. 1 p. 5]; (2) the trial court violated the Sixth Amendment by "re-imposing the 2004 judgments" [*Id*. at 6]; (3) the "trial court allowed the government to breach its contract" [*Id*. at 8]; and (4) the State courts erred in denying the motion to correct an illegal sentence [*Id*. at 10].

All of Petitioner's claims are assignments of error from the litigation on Petitioner's motion to correct an illegal sentence. Petitioner's motion, and its resolution, were predicated on State law. The Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (internal quotation omitted). Petitioner cannot seek to layer a federal claim on his State-court proceedings seeking to correct an illegal sentence, as there is no constitutional right to collateral review or the representation of counsel in such proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-57 (1987). Therefore, because all of Petitioner's claims arise from the adjudication of his motion to correct an illegal sentence under Tennessee law, his claims are non-cognizable on federal habeas review.

## III. CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

## IV. CONCLUSION

Petitioner has failed to demonstrate an entitlement to federal habeas relief. Therefore, his petition for a writ of habeas corpus will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**. A certificate of appealability from this decision will be **DENIED**.

Further, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE